**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LIVING IN JESUS TRUTH MINISTRY AND :TOD-DEAN BRENBARGER, MINISTER OF LIVING IN JESUS TRUTH MINISTRY PUBLIC MINISTER FOR WORLD PRAYERS ANSWERED AND DIPLOMATIC CORP. MEMBER,<br><br>  Plaintiffs,<br><br>  v.<br><br>HON. MICHAEL WISE, JUDGE, OFFICE OF ADMINISTRATIVE HEARINGS AND JAIME WINCHELL, AGENT OF THE STATE OF NEVADA DEPARTMENT OF MOTOR VEHICLES AND PUBLIC SAFETY OF THE COMPLIANCE ENFORCEMENT DIVISION CASE NO. 2011-NI-67674; AND CATHERINE CORTEZ MASTO, STATE OF NEVADA ATTORNEY GENERAL, AND DEPUTY ATTORNEY GENERAL AND ALL OTHER STAFF OF THE OFFICE OF THE ATTORNEY GENERAL,<br><br>  Defendants. | 3:12-cv-109-RCJ-VPC<br><br>**ORDER** |

Currently before the Court are Defendants' motion to dismiss (#4) for failure to state a claim and Plaintiff's motion to enforce 42 U.S.C. § 1983 (#16). For the following reasons, the Court grants Defendants' motion to dismiss (#4) and denies as moot Plaintiff's motion to enforce § 1983 (#16).

**BACKGROUND**

Plaintiff Tod Dean Brenbarger is a resident of Minden, Nevada and also a minister for Living in Jesus Truth Ministry, a corporation and ministry. (Compl. (#1) at 3-4). He additionally

claims to be a citizen of World Prayers Answered, which he alleges is not only a corporation organized under Utah law, but a sovereign ecclesiastical state. (*Id.* at 3-4, 9).

On August 23, 2011, Brenbarger, as minister for Living in Jesus Truth Ministry, sought to register two vehicles to the church. (Compl. (#1) at 4). Brenbarger registered the vehicles using a post office box in Washoe County as the vehicle owner's physical address and a box at a mailbox store as the address for the location of the vehicles. (*Id.* at 2; Application (#4-1)). On August 31, 2011, Jaime Winchell—an agent of the Nevada Department of Motor Vehicles—called Brenbarger stating she had some questions regarding the addresses he listed on the vehicle registration forms. (Compl. (#1) at 5). Winchell apparently believed Brenbarger violated Nevada law by listing a post office box as the owner's physical address and a box at a mailbox store as the location of the vehicles. Nevada law requires that an application for registering a vehicle contain the owner's residential address and the location the vehicle is to be based, and it is a gross misdemeanor to use a fictitious address on the application. NEV. REV. STAT. §§ 482.215(3), 482.545(5). Brenbarger informed Winchell that he had used those addresses because Living in Jesus Truth Ministry had not yet procured a building for its use. (Compl. (#1) at 5-6). On September 19, 2011, the Nevada Department of Motor Vehicles issued an administrative citation pursuant to NRS § 482.545(5) to Brenbarger for registering a vehicle under a fictitious address. (*Id.* at 2, 6).

An administrative hearing was then initiated before the Honorable Michael Wise ("Judge Wise"). (Compl. (#1) at 6-7). In December 2011, Brenbarger filed a motion challenging the administrative law court's jurisdiction, claiming that the court had no jurisdiction over him because he was a public minister of World Prayers Answered, which is a foreign ecclesiastical state. (*Id.*). Judge Wise informed Brenbarger that his pleading would not be treated as a motion, but as evidence, and that no ruling would be made on the pleading until a full hearing was held on the matter. (*Id.* at 7). Brenbarger apparently failed to appear at the administrative hearing held on March 1, 2012 and his fine was upheld. (Mot. to Dismiss (#4) at 3; Order of Default (#4-4)).

Brenbarger filed a pro se complaint[1] in this Court on February 24, 2012 against Judge Wise, Jamie Winchell, Catherine Cortez Masto (the attorney general for the State of Nevada), the deputy attorney general, and the entire staff of the office of the attorney general (collectively "Defendants"), all in their official capacities. (Compl. (#1) at 1, 4). The causes of action listed in the complaint allege (1) diplomatic immunity; (2) violation of due process; (3) violation of 42 U.S.C. § 1983; and (4) violation of the First Amendment right of a church to not have a fixed address. (*Id.* at 6-15). The complaint does not explicitly seek any injunctive or declaratory relief, but does seek general damages in the amount of $5,000,000, punitive damages in the amount of $25,000,000, prejudgment interest in the amount of $15,000,000, and post-judgment interest in the amount of $15,000,000, along with various court filing fees. (*Id.* at 15-16).

Defendants filed a motion to dismiss the complaint for failure to state a claim on March 19, 2012. (Mot. to Dismiss (#4)). Brenbarger filed an opposition to the motion to dismiss on April 2, 2012 and Defendants filed a reply on April 4, 2012. (Opp'n to Mot. to Dismiss (#8); Reply (#10)).

Brenbarger filed a motion to enforce § 1983 on May 21, 2012. (Mot. to Enforce § 1983 (#16)). It is unclear what action Brenbarger desires the Court to take by filing this motion, but it restates many of the same arguments presented by Brenbarger in his opposition to the motion to dismiss.[2]

---

[1] The complaint also names Living in Jesus Truth Ministry as a plaintiff. (Compl. (#1) at 1). Brenbarger is apparently attempting to represent both himself and Living in Jesus Truth Ministry in this action, which he admits is a corporation. (*Id.* at 3). Corporations and other unincorporated associations however are required to appear in court through licensed counsel. *In re American West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994). Living in Jesus Truth Ministry consequently cannot be represented by Brenbarger in this action.

[2] The motion to enforce § 1983 also asserts that Chief Judge Robert C. Jones is biased in this action because he has been named as a defendant in another action brought by other

**LEGAL STANDARD**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. All well-pleaded factual allegations will be accepted as true and all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving party. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should freely give leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* FED. R. CIV. P. 15(a). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment.

---

World Prayers Answered citizens. (Mot. to Enforce § 1983 (#16) at 6). The Court however finds that the mere fact that Chief Judge Robert C. Jones has been named as one of many defendants in another action filed by another citizen of World Prayers Answered does not necessitate recusal in this case.

*DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**DISCUSSION**

**I.      Defendants' Ability To Be Sued**

Brenbarger has pled several causes of action alleging depravations of rights secured by the Constitution and federal law against Defendants in their official capacities. Before addressing Brenbarger's substantive claims, the Court must first determine to what extent Defendants may be sued in federal court.

**A.      Judge Wise**

Judge Wise is an administrative law judge for the State of Nevada. (Compl. (#1) at 4). Brenbarger alleges in his complaint that Judge Wise denied him the right to challenge jurisdiction by failing to treat his pleading in which he claimed diplomatic immunity as a motion, but rather as evidence. (Compl. (#1) at 7, 9, 11). Defendants however contend that Judge Wise is entitled to judicial immunity and therefore all claims against him should be dismissed.

Judicial immunity is a " 'sweeping form of immunity' for acts performed by judges that relate to the 'judicial process.' " *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (quoting *Forrester v. White*, 484 U.S. 219, 225 (1988)). "This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives . . . or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.' " *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). Absolute judicial immunity however is not reserved solely for judges, but "extends to nonjudicial officers for 'all claims relating to the exercise of judicial functions.' " *Id.* (quoting *Burns v. Reed*, 500 U.S. 478, 499 (1991) (Scalia, J., concurring in part and dissenting in part)). "Individuals, when performing functions that are judicial in nature, or who have a sufficiently close nexus to the adjudicative process, are entitled to a grant of absolute quasi-judicial immunity." *Id.* at 948. The Supreme Court has acknowledged that administrative law judges are afforded such absolute immunity, noting "[t]here can be little doubt that the role of the modern federal hearing examiner or administrative law judge . . . is 'functionally comparable' to that of a judge." *Butz v. Economou*, 438 U.S. 478, 513 (1978); *see*

*also Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985).

In the present matter, Judge Wise has been named as a defendant in this action due to a decision he made in adjudicating Brenbarger's dispute over the administrative citation. Specifically, Brenbarger objects to Judge Wise's decision to treat his pleading in which he claims diplomatic immunity as evidence, for choosing not to rule on the pleading until after a full hearing on the matter, and because he intended to go forward to trial. (Compl. (#1) at 7). Because Judge Wise is an administrative law judge being sued for decisions made while performing a judicial function, he is entitled to absolute quasi-judicial immunity, and accordingly he is dismissed from this action with prejudice.

### B. Attorney General Catherine Cortez Masto, the Deputy Attorney General, and the Staff of the Office of the Attorney General

Attorney General Catherine Cortez Masto, the deputy attorney general, and the entire staff of the office of the attorney general are also named as defendants in this action. However, the complaint fails to allege any wrongdoing on the part of any of these parties. The complaint only mentions Attorney General Masto as a party in this action and does not claim she or her staff participated in the administrative citation or any other alleged wrongful act in this case. (*See* Compl. (#1) at 4). Accordingly, Attorney General Masto, the deputy attorney general, and the staff of the office of the attorney general are dismissed from this action.

It appears that Brenbarger may have intended to sue the State of Nevada by naming Attorney General Masto as a defendant as he seeks damages from the State of Nevada but fails to name the State as a defendant. (Compl. (#1) at 15). The Eleventh Amendment however states: "The Judicial power of the United States shall not be construed to extend to any suit . . . against one of the United States by Citizens of another State." U.S. CONST. amend. XI. This protection has been extended to protect a state from federal suits brought by its own citizens. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Pittman v. Oregon Employment Dep't*, 509 F.3d 1065, 1071 (9th Cir. 2001). A state may only be sued in federal court when the state has explicitly waived its Eleventh Amendment immunity. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). NRS § 41.031(3) clearly states that Nevada has not waived

its Eleventh Amendment immunity. Therefore even if Brenbarger intended to sue the State of Nevada by suing the Attorney General, the State of Nevada would be entitled to immunity under the Eleventh Amendment.[3]

### C. Jaime Winchell, Agent of the Nevada Department of Motor Vehicles

Brenbarger has also named Jaime Winchell as a defendant in her official capacity as an agent of the Nevada Department of Motor Vehicles. (Compl. (#1) at 1). However, suits against an individual in their official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690, n.55 (1978)). "It is not a suit against the official personally, for the real party in interest is the entity." *Id.* at 166. Because Winchell is being sued in her official capacity for issuing the administrative citation, this action is treated as being against the Nevada Department of Motor Vehicles.

Again, the Eleventh Amendment prohibits "federal courts from hearing suits brought against an unconsenting state . . . by its own citizens, as well as by citizens of other states." *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991). This protection bars suits not only against the state, but against state agencies. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore the Eleventh Amendment would normally prohibit the Department of Motor Vehicles from being named as a defendant in this action. *See Linlor v. Breslow*, 2011 WL 6400377, at *1 (D. Nev. 2011) (holding that the Nevada Department of Motor Vehicles is a state agency and is thus immune from suit under the Eleventh Amendment). An exception to the Eleventh Amendment however

---

[3] Because all of Brenbarger's substantive claims for constitutional violations are brought under 42 U.S.C. § 1983, the State of Nevada would also be an improper defendant in this action because the State is not a "person" as required by the statute. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that a State is not a "person" under § 1983).

7

exists for a suit against a state officer which seeks prospective equitable relief to end continuing violations of federal law, so long as the state officer being sued has some connection with the enforcement of the act. *Culinary Workers Union, Local 226 v. Del Papa*, 200 F.3d 614, 619 (9th Cir. 1999); *see also Ex parte Young*, 209 U.S. 123, 157 (1908).

The complaint seeks millions of dollars in damages from Defendants and the State of Nevada, and does not explicitly request prospective equitable relief. (Compl. (#1) at 15-16). Brenbarger has however advanced claims against an officer of the Department of Motor Vehicles charged with enforcing the vehicle registration requirements, alleging that the officer is violating his First Amendment rights along with other federal law by doing so. (Compl. (#1) at 6-15). Based on these accusations, it seems that Brenbarger is attempting to seek injunctive relief to prevent the Department of Motor Vehicles from administering the citation and to prevent the administrative law court from exercising jurisdiction over him. Therefore, although Brenbarger has failed to state a claim against the Department of Motor Vehicles that would yield monetary damages as a remedy, drawing all reasonable inferences in favor of the non-moving party, Brenbarger may still potentially state a claim against the Department of Motor Vehicles that would yield injunctive relief. The Court accordingly must next turn to the substance of each of Brenbarger's claims.[4]

## II. Plaintiff's Claims for Depravations of Rights Secured by the Constitution and Federal Law

Brenbarger has brought several claims under 42 U.S.C. § 1983 for violations of his rights under federal law and the United States Constitution. Title 42 U.S.C. § 1983 provides a remedy to individuals who have been deprived of federal rights by persons acting under

---

[4] The Department of Motor Vehicles would also be prohibited from being named as a defendant to Brenbarger's § 1983 claims because state agencies are not "persons" within the meaning of the statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). However, a state official may still be sued for injunctive relief under § 1983, *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997), and therefore the Court must still determine the merit of Brenbarger's claims.

color of state law. *See* 42 U.S.C. § 1983. To sustain an action under § 1983, a plaintiff must prove: (1) that a defendant acted under color of state law; and (2) the conduct deprived the plaintiff of a right secured by the Constitution or laws of the United States. *See Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997). Because Brenbarger has ultimately failed to sufficiently plead that the Department of Motor Vehicles or any other Defendant engaged in any conduct which deprived him of a right secured by the Constitution or laws of the United States, he has failed to state a claim under any of his causes of action.

### A.     Public Minister's Immunity

Brenbarger first alleges that Defendants deprived him of rights secured by the Constitution[5] and federal law by issuing the administrative citation and allowing the administrative law court to exercise jurisdiction over him despite his claim that he is entitled to diplomatic immunity as a public minister of a foreign ecclesiastical state: World Prayers Answered.

Brenbarger however has failed to state a claim for relief for numerous reasons. First, he has failed to plausibly allege that World Prayers Answered is a sovereign ecclesiastical state. Although Brenbarger claims World Prayers Answered is a foreign state, the Court is not required to assume the truth of legal conclusions simply because they are cast in the form of factual allegations. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Brenbarger has pled that World Prayers Answered is a corporation organized in Utah on May 2, 2002. (Compl. (#1) at 9). Its world headquarters is located at 77 East Williams Avenue, Fallon, Nevada 89406. (*Id.* at 3). Although World Prayers Answered apparently notified the U.S. State Department that it claims to be a foreign ecclesiastical state on August

---

[5] Brenbarger claims Defendants violated Article III, Section 2, Clause 2 of the Constitution, which establishes that the Supreme Court has original jurisdiction over cases affecting ambassadors and other public ministers and consuls. (Compl. (#1) at 6). It is unclear why Brenbarger believes Defendants' actions in this case violate this jurisdictional provision.

10, 2009, Brenbarger has failed to allege that the State Department chose to recognize World Prayers Answered's sovereignty. (*Id.* at 10). Accordingly, Brenbarger has failed to plausibly plead that he is a public minister of a foreign state.[6]

Furthermore, the controlling statute on diplomatic immunity is the Diplomatic Relations Act of 1978, which incorporated the 1961 Vienna Convention on Diplomatic Relations. 22 U.S.C. §§ 254a-e. To properly claim diplomatic immunity "[i]t is enough that [the diplomat] has requested immunity, that the State Department has recognized that the person for whom it was requested is entitled to it, and that the Department's recognition has been communicated to the court." *Carrera v. Carrera*, 174 F.2d 496, 497 (D.C. Cir. 1949); *see also Gonzalez Paredes v. Vila*, 479 F.Supp.2d 187, 192 (D.D.C. 2007). Courts have generally accepted the views of the State Department as conclusive as to the fact of diplomatic status. *United States v. Al-Hamdi*, 356 F.3d 564, 572 (4th Cir. 2004); *Abdulaziz v. Dade Cnty.*, 741 F.2d 1328, 1331 (11th Cir. 1984); *Carrera*, 174 F.2d at 497; *see also United States v. Stuart*, 489 U.S. 353, 369 (1989) (noting that the meaning attributed to treaty provisions by the government agency charged with the negotiation and enforcement of the treaty are entitled to great weight). Brenbarger has failed to properly allege or present any documentation from the State Department that he is entitled to diplomatic immunity, and consequently has failed to state a claim on this cause of action.

Because Brenbarger has failed to allege sufficient facts that would plausibly establish that World Prayers Answered is a sovereign nation and that he is entitled to diplomatic immunity, the Court dismisses this claim.

---

[6] The complaint does not seem to claim that Living in Jesus Truth Ministry is a foreign state or that it is a political subdivision of World Prayers Answered. Any claim that Living in Jesus Truth Ministry is a foreign state however would fail for the same reasons that the claim World Prayers Answered is a foreign state ultimately lacks merit. Living in Jesus Truth Ministry also cannot be a political subdivision of World Prayers Answered because World Prayers Answered is not a foreign state.

### B. Violation of Due Process

Brenbarger also alleges that he was denied his due process rights under the Constitution because Judge Wise ignored or deferred his pre-trial pleading challenging the administrative law court's jurisdiction on immunity grounds. (Compl. (#1) at 9). This claim seems to be directly solely against Judge Wise. As Judge Wise is entitled to judicial immunity regarding decisions made while adjudicating this dispute, Brenbarger has failed to state a claim on this cause of action.

To the extent Brenbarger intends by this action to obtain injunctive relief against any other Defendant preventing the administrative law court or the Department of Motor Vehicles from exercising jurisdiction over him on diplomatic immunity grounds, such a claim would similarly fail. As stated above, Brenbarger has not sufficiently pled facts that support the reasonable inference that World Prayers Answered is a sovereign state or that Brenbarger is entitled to diplomatic immunity.[7]

Because Brenbarger has failed to state a claim under this cause of action, this claim is dismissed.

### C. First Amendment Violations

Brenbarger also alleges that the Department of Motor Vehicles violated both his own and Living in Truth Ministry's First Amendment right for a church to not have a fixed address.[8]

---

[7] Defendants also note that Brenbarger failed to exhaust the state remedies available to him. (Mot. to Dismiss (#4) at 10). He failed to appear at the hearing on the administrative citation and an order of default was accordingly entered against him. (Order of Default (#4-4)). Rather than appealing the decision, Brenbarger chose to file this complaint in federal court. Exhaustion of state remedies however is not a prerequisite to an action under § 1983. *See Patsy v. Bd. of Regents*, 457 U.S. 496, 500-01 (1982).

[8] Again, corporations and other unincorporated associations are required to appear in court through licensed counsel. *In re American West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994). Brenbarger, who is a pro se litigant, thus cannot represent Living in Jesus Truth

(Compl. (#1) at 12-13).  No such right explicitly exists under the First Amendment, and therefore to state a claim the alleged actions must violate either the Free Exercise Clause or the Establishment Clause of the First Amendment.

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof."  U.S. CONST. amend I. Under Supreme Court precedent, a law burdening religious exercise generally does not violate the Free Exercise Clause if it is a "neutral law of general application."  *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1030-31 (9th Cir. 2004).  If a law is neutral and generally applicable, it need only be rationally related to a legitimate government interest; if not, it must meet strict scrutiny.  *See Stormans Inc. v. Selecky*, 586 F.3d 1109, 1129-30 (9th Cir. 2009).  A law lacks neutrality if either the text or the operation of the law target a specific religious group or practice.  *Id.* at 1130-31.

Brenbarger was issued an administrative citation for providing a fictitious address on applications for the registration of vehicles in violation of NRS § 482.545(5).  (Compl. (#1) at 2; Administrative Citation (#4-3)).  Under Nevada law, each application to register a vehicle must contain the owners residential address along with the location of where the vehicle is to be based.  NEV. REV. STAT. § 482.215(3).  It is unlawful for a registering party to list a fictitious address on the application.  *Id.* § 482.545(5).  These laws are clearly neutral and generally applicable regulations as they apply to all parties who wish to register a vehicle and do not discriminate based on religion.  The text of the laws do not specifically target a religious group or practice, but simply require the registering party to provide physical addresses on applications for vehicle registration and make it unlawful for any person to use a false address on such applications.  *Id.* §§ 482.215(3), 482.545(5).  Brenbarger has also not alleged that the laws have been applied in manner that targets specific religious groups or practices.  The laws therefore do not violate the Free Exercise Clause.

The laws furthermore do not violate the Establishment Clause.  Pursuant to the

---

Ministry in this action and cannot assert claims on its behalf.

12

Establishment Clause, the government " 'may not promote or affiliate itself with any religious doctrine or organization, may not discriminate among persons on the basis of their religious beliefs and practices, may not delegate a governmental power to a religious institution, and may not involve itself too deeply in such an institution's affairs.' " *Am. Jewish Congress v. City of Beverly Hills*, 90 F.3d 379, 383 (9th Cir. 1996) (quoting *Cnty. of Allegheny v. ACLU*, 492 U.S. 573, 590-91 (1989)). To determine whether a law violates the Establishment Clause, courts apply the *Lemon* test. *Lemon v. Kurtzman*, 403 U.S. 602, 612-13 (1971). Under the *Lemon* test, governmental conduct does not violate the Establishment Clause if it (1) has a secular purpose, (2) does not have as its principal or primary effect the advancement or inhibition of religion, and (3) does not foster an excessive governmental entanglement with religion. *Id.* The touchstone for the analysis "is the principle that the 'First Amendment mandates governmental neutrality between religion and religion, and between religion and nonreligion.' " *McCreary Cnty. v. ACLU*, 545 U.S. 844, 860 (2005) (quoting *Epperson v. Arkansas*, 393 U.S. 97, 104 (1968)).

   The registration requirements here have a secular purpose. These laws are intended to ensure that a vehicle is associated with a residence for tax and emissions purposes and to allow for the registered owner to be located in the event of an accident, among other purposes. *See, e.g.*, NEV. REV. STAT. §§ 14.070, 445B.795, 482.215(3)(c). The registration requirements do nothing to advance or inhibit religion nor do they generate excessive government entanglement with religion. The requirements apply to all registering parties equally, both secular and religious, and do not require excessive government interference with religious matters or the surveillance of religion. Brenbarger has accordingly failed to state a claim for violations of the First Amendment.

   As Brenbarger has failed to state a cause of action on any of his claims and because granting leave to amend would be futile, Defendants' motion to dismiss is hereby granted and the complaint is dismissed with prejudice.

### III.  Plaintiff's Motion to Enforce § 1983

   Because the Court dismisses the complaint for failure to state a claim upon which relief

can be granted, Brenbarger's motion to enforce § 1983 is denied as moot.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' motion to dismiss (#4) is GRANTED and the complaint is hereby dismissed with prejudice.

IT IS FURTHER ORDERED that Plaintiff's motion to enforce § 1983 (#16) is DENIED as moot.

DATED: This 3rd day of August, 2012.

_____
United States District Judge