# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LIVING IN JESUS TRUTH MINISTRY et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HON. MICHAEL WISE, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | 3:12-cv-109-RCJ-VPC <br><br> **ORDER** |

Currently before the Court is a Motion for Relief from Judgment (#28).

## BACKGROUND

In February 2012, Plaintiffs Living in Jesus Truth Minister and Tod Dean Brenbarger, *pro se,* filed a complaint in this Court against Defendants Honorable Michael Wise, Jaime Winchell, Catherine Cortez Masto (Nevada Attorney General), the deputy attorney general, and all other staff of the Office of the Attorney General in their official capacities. (Compl. (#1) at 1, 4). The complaint alleged the following. Plaintiff Tod Dean Brenbarger ("Brenbarger") was a resident of Minden, Nevada and was also a minister for Living in Jesus Truth Ministry, a corporation and ministry. (*Id.* at 3-4). Brenbarger claimed to be a citizen of World Prayers Answered, which he alleged was not only a corporation organized under Utah law, but a sovereign ecclesiastical state. (*Id.* at 3-4, 9).

The complaint alleged the following. On August 23, 2011, Brenbarger, as minister for Living in Jesus Truth Ministry, sought to register two vehicles to the church. (*Id.* at 4). Brenbarger registered the vehicles using a post office box in Washoe County as the vehicle owner's physical address and a box at a mailbox store as the address for the location of the

vehicles. (*Id*. at 2; Application (#4-1)). On August 31, 2011, Jaime Winchell—an agent of the Nevada Department of Motor Vehicles—called Brenbarger stating that she had some questions regarding the addresses he listed on the vehicle registration forms. (Compl. (#1) at 5). Winchell apparently believed Brenbarger had violated Nevada law by listing a post office box as the owner's physical address and a box at a mailbox store as the location of the vehicles. Nevada law requires that an application for registering a vehicle contain the owner's residential address and the location the vehicle is to be based, and it is a gross misdemeanor to use a fictitious address on the application. Nev. Rev. Stat. §§ 482.215(3), 482.545(5). Brenbarger informed Winchell that he had used those addresses because Living in Jesus Truth Ministry had not yet procured a building for its use. (Compl. (#1) at 5-6). On September 19, 2011, the Nevada Department of Motor Vehicles issued an administrative citation pursuant to NRS § 482.545(5) to Brenbarger for registering a vehicle under a fictitious address. (*Id.* at 2, 6).

The complaint alleged the following. An administrative hearing was then initiated before the Honorable Michael Wise ("Judge Wise"). (*Id.* at 6-7). In December 2011, Brenbarger filed a motion challenging the administrative law court's jurisdiction, claiming that the court had no jurisdiction over him because he was a public minister of World Prayers Answered, which is a foreign ecclesiastical state. (*Id.*). Judge Wise informed Brenbarger that his pleading would not be treated as a motion, but as evidence, and that no ruling would be made on the pleading until a full hearing was held on the matter. (*Id.* at 7). Brenbarger apparently failed to appear at the administrative hearing held on March 1, 2012 and his fine was upheld. (Mot. to Dismiss (#4) at 3; Order of Default (#4-4)).

The complaint alleged four causes of action: (1) diplomatic immunity; (2) violation of due process; (3) violation of 42 U.S.C. § 1983; and (4) violation of the First Amendment right of a church to not have a fixed address. (Compl. (#1) at 6-15). The complaint did not explicitly seek any injunctive or declaratory relief, but did seek general damages in the amount of $5,000,000, punitive damages in the amount of $25,000,000, prejudgment interest in the amount of $15,000,000, and post-judgment interest in the amount of $15,000,000, along with

various court filing fees.  (*Id.* at 15-16).

Defendants filed a motion to dismiss the complaint for failure to state a claim on March 19, 2012.  (Mot. to Dismiss (#4)).  Brenbarger filed a motion to enforce § 1983 on May 21, 2012 which restated many of the same arguments presented in Brenbarger's opposition to the motion to dismiss.  (Mot. to Enforce § 1983 (#16)).

On August 3, 2012, this Court issued an order granting Defendants' motion to dismiss the entire complaint with prejudice and denying Brenbarger's motion to enforce § 1983 as moot.  (Order (#26) at 14).  In that order, this Court noted that Plaintiff's motion to enforce § 1983 asserted that Chief Judge Robert C. Jones was biased in this action because he had been named as a defendant in another action brought by World Prayers Answered citizens.  (*Id.* at 3-4 n.2; Mot. to Enforce § 1983 (#16) at 6).  This Court found that "the mere fact that Chief Judge Robert C. Jones [had] been named as one of many defendants in another action filed by another citizen of World Prayers Answered [did] not necessitate recusal" in the case.  (Order (#26) at 3-4 n.2).  The Court found that Brenbarger, *pro se*, could not represent Living in Jesus Truth Ministery because corporations must appear in court through licensed counsel.  (*Id.* at 3 n.1).

In the order, the Court found the following.  (*Id.* at 6).  Judge Wise was entitled to absolute quasi-judicial immunity because he was an administrative law judge being sued for decisions made while performing a judicial function.  (*Id.*).  This Court dismissed Judge Wise from this action with prejudice.  (*Id.*).  The Court dismissed Attorney General Masto, the deputy attorney general, and the entire staff of the Office of the Attorney General because the complaint failed to allege any wrongdoing on the part of any of these parties.  (*Id.*).  The Court found that, to the extent that Brenbarger intended to sue the State of Nevada by naming Attorney General Masto as a defendant, the State of Nevada was entitled to immunity under the Eleventh Amendment.  (*Id.* at 6-7).  The Court found that Brenbarger's claims against Winchell acting in her official capacity was an action against the Nevada Department of Motor Vehicles.  (*Id.* at 7).  The Court found that Brenbarger had failed to state a claim against the Nevada Department of Motor Vehicles for monetary damages, but that he could potentially

3

state a claim against the Nevada Department of Motor Vehicles that could yield injunctive relief. (*Id.* at 8). However, the Court found that Brenbarger "ultimately failed to sufficiently plead that the Department of Motor Vehicles or any other Defendant engaged in any conduct which deprived him of a right secured by the Constitution or laws of the United States" and, thus, "failed to state a claim under any of his causes of action." (*Id.* at 9-13).

On August 2, 2013, Brenbarger filed the pending Motion from Relief from Judgment (#28).

## DISCUSSION

In his motion, Brenbarger moves this Court for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(3) and (b)(6). (Mot. for Relief (#28) at 1). Brenbarger asserts that, pursuant to Rule 60(b)(3), Judge Wise had perpetrated fraud because he heard a criminal matter in civil court and he converted Brenbarger's pre-trial motions into evidence. (*Id.* at 2). Brenbarger asserts that, pursuant to Rule 60(b)(6), Judge Jones should have recused himself. (*Id.* at 5). Brenbarger also disputes this Court's legal analysis in its prior order. (*Id.* at 10-30).

Defendants filed a response and Brenbarger filed a reply. (Opp'n to Mot. for Relief (#29); Reply to Mot. for Relief (#30)).

As an initial matter, to the extent that Brenbarger is attempting to file a motion for reconsideration of this Court's August 2012 order, this Court finds that such a motion is untimely and denies the request. Pursuant to Rule 59(e), a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Brenbarger filed the pending motion in August 2013.

Pursuant to Rule 60, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3), (6).

To prevail on a Rule 60(b)(3) motion, "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly

presenting the defense." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000). "Rule 60(b)(3) 'is aimed at judgments which were unfairly obtained, not at those which are factually incorrect.'" *Id*. (quoting *In re M/V Peacock*, 809 F.2d 1403, 1405 (9th Cir.1987)).

The Court denies Brenbarger's Rule 60(b)(3) motion. Brenbarger has not demonstrated that Defendants engaged in fraud or misrepresentation to this Court. This Court notes that Brenbarger makes the same arguments in his motion for relief as he did in his opposition to the motion to dismiss.

With respect to the Rule 60(b)(6) motion, the Ninth Circuit has held that "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). "The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id*. The U.S. Supreme Court has held that "Rule 60(b)(6) relief was available to a litigant against whom judgment was entered by a judge who had improperly refused to recuse himself in the proceeding." *Id*. (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)).

Pursuant to 28 U.S.C. § 455, a judge shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned. 28 U.S.C. § 455(a). A judge shall also disqualify himself where he, *inter alia*,: (1) has a personal bias or prejudice concerning the party; (2) served as an attorney in private practice on the matter; (3) served in a government capacity as an attorney on the matter; (4) knows that he or his family has a financial interest in the subject matter, or (5) he, his spouse, or close relative are a part of the proceeding. 28 U.S.C. § 455(b)(1)-(5).

In this case, Brenbarger argues that Judge Jones should have recused himself from this case because Judge Jones was a defendant in another civil case involving different plaintiffs who are members of the World Prayers Answered. (*See* Mot. for Relief (#28) at 7). The Court notes that the plaintiffs in that case are Linwood Edward Tracy, Jr. and William Gerald Filion. *See Tracy et al. v. Miles et al.*, 3:11-cv-436-LRH-VPC (D. Nev. 2011). The

5

Court notes that none of the parties in that case are parties in the current case. The Court finds that Brenbarger has failed to demonstrate that Judge Jones should have recused himself pursuant to 28 U.S.C. § 455(a) or (b). Accordingly, the Court denies Brenbarger's Motion for Relief from Judgment (#28).

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion for Relief from Judgment (#28) is DENIED.

Dated this 30th day of October, 2013.

_____
United States District Judge